UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YVETTE C. KENNEDY, an individual

   Plaintiff,

   vs.

Judge:
Case No.:

PORTFOLIO RECOVERY ASSOCIATES, LLC.,
AND
HAYT, HAYT & LANDAU, P.L.

   Defendants,
_____/

# COMPLAINT

Plaintiff, **YVETTE C. KENNEDY,** on behalf of herself, through the undersigned attorneys, files this Complaint against **PORTFOLIO RECOVERY ASSOCIATES, LLC.** (herein "PORTFOLIO RECOVERY"), HAYT, HAYT & LANDAU, P.L. (herein HAYT, HAYT & LANDAU) and states as follows:

## PRELIMINARY STATEMENT

1.    This is an action for actual and staturory damages brought by Plaintiff **YVETTE C. KENNEDY** an individual consumer, against Defendants **YVETTE C. KENNEDY** for violations of the Fair Debt Collection Practices Act, 15 U. S. C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, AND JURY DEMAND

2. This court has jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

5. The actions complained of occurred primarily (if not exclusively) in the State of Florida, the Defendants regularly conduct business here, and should expect to be hailed into this court.

## PARTIES

6. Plaintiff, **YVETTE C. KENNEDY** is a natural person and resides in Broward, FL.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3) as she is a natural person.

8. Defendant, **PORTFOLIO RECOVERY ASSOCIATES, LLC.** is a business entity that regularly conducts business in the State of Florida, engaged in the business of regularly collecting debts in this Commonwealth, with its principal palce of business located

at Riverside Commerce Center, 120 Corporate Blvd., Norfolk, Virginia 23502.

9. **PORTFOLIO RECOVERY ASSOCIATES, LLC.** principal purpose is to attempt to collect consumer debts allegedly due to another.

10. **PORTFOLIO RECOVERY ASSOCIATES, LLC.** is engaged in the collection of debts from consumers using the mail and telephone.

11. **PORTFOLIO RCOVERY ASSOCIATES, LLC..** is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

12. Under Henson v. Santander Consumer USA INC. WL 2507342 (June 12, 2017). Defendant's "principal purpose" of its business is the collection of debts. As such, **PORTFOLIO RECOVERY ASSOCIATES, LLC.** qualifies as a "debt collector" under 15 U.S.C. § 1692.

13. Defendant, **HAYT, HAYT & LANDAU, P.L.** is a business entity that regularly conducts business in the State of Florida, engaged in the business of regularly collecting debts in this Commonwealth, with its principal palce of business located at Riverside Commerce Center, 7765 S.W. 87th Avenue, Suite 101, Miami, FL 33173.

14. **HAYT, HAYT & LANDAU, P.L.** principal purpose is to attempt to collect consumer debts allegedly due to another.

15. **HAYT, HAYT & LANDAU, P.L.** is engaged in the collection of debts from consumers using the mail and telephone.

16. **HYAT, HYAT & LANDAU, P.L.**. is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

17. Under Henson v. Santander Consumer USA INC. WL 2507342 (June 12, 2017). Defendant's "principal purpose" of its business is the collection of debts. As such, **PORTFOLIO RECOVERY ASSOCIATES, LLC.** qualifies as a "debt collector" under 15 U.S.C. § 1692.

## FACTS

18. Plaintiff's full name is **Yvette C. Kennedy**. She has never been known by any other name.

19. On May 25th, 2017, Plaintiff was contacted by Defendant **HYAT, HYAT & LANDAU, P.L.**

20. On June 2nd, 2017, Plaintiff sent a request for verification of the debt pursuant to 15 USC §1692(g) in writing to Defendant **HYAT, HYAT & LANDAU, P.L.**, which was sent via certified mail.

21. Defendant **HYAT, HYAT & LANDAU, P.L.**, received said dispute letter on June 5th, 2017 and never responded to said verification of the debt.

22. On July 14th, 2017 Plaintiff was served with a lawsuit Case #COWE 17-016487 which is still pending as of the date of this complaint in state court.

23. Defendant failed to verify the debt before proceeding to take legal action.

24. Plaintiff incurred attorney fees in defending this case which was prematurely filed in violation of the FDCPA.

25. Plaintiff suffered mental and emotional distress damages as a result of the actions of the Defendant.

26. The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

27. The entire experience has imposed upon Plaintiff significant distrust, frustration and distress, and has rendered Plaintiff hopeless as to her ability to regain her good name as public records now show a pending law suit.

28. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendants mentioned above, and has agreed to pay counsel a reasonable attorney fee.

29. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court

costs, telephone calls, and other expenses, all to Plaintiff's further damage.

30. Absent litigation, Plaintiff does not believe that her good name will ever be recovered. Thus, the instant lawsuit is being commenced.

## COUNT ONE

### VIOLATION OF THE
### Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692-1692p as to
### Defendant
### PORTFOLIO RECOVERY ASSOCIATES, LLC.

31. Plaintiff restates and re-alleges all previous paragraphs herein.

32. Defedant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

   a. Defendant has violated the FDCPA 15 U.S.C. § 1692d, in that used abusive and harassing actions in the collection of a consumer debt.

   b. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

   c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(4), in that it falsely stated or implied that the non-payment of

the debt would result in seizure, garnishment or attachment.

d. Defendant has violated the FDCPA 15 U.S.C. § 1692e(5), in that it falsely threatened to take an action that could not be taken, or that it did not intend to take.

e. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

f. Defendant has violated the FDCPA 15 U.S.C. §1692g in that it failed to provide validation of the debt before proceeding to continue attempting to collect said debt.

33. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S. § 1692k(a).

## COUNT TWO
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Fla. Stat. § 559.55 - §559.785 as to
## PORTFOLIO RECOVERY ASSOCIATES, LLC.

34. Plaintiff restates and re-alleges all previous paragraphs herein.

35. Defendants filed suit based upon a credit contract pursuant to which Plaintiff allegedly purchased consumer goods as required under Fla. Stats. §559.55 - §559.785.

36. Defedndants represented that credit was extended via a consumer credit card used to purchase goods or services for personal, family, or household use.

37. On June 2nd, 2017, Plaintiff sent a dispute letter and requested Defendants validate the debt.

38. Defendant has harassed Plaintiff as Defendant failed to properly validate said debt before filing the law suit 17-016487.

39. Said conduct is in direct violation of Section 559.72(6) and 559.72(9) of the Florida Statutes.

40. The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

41. As a result of the conduct and acts of Defendant mentioned above, plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

42. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendant mentioned above, and has agreed to pay counsel a reasonable attorney fee.

43. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, travel expenses, and other expenses, all to Plaintiff's further damage.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant pursuant to Fla. Stats. for:

- That Defendant be enjoined from any and all further illegal collection practices against the Plaintiff;

- For actual damages or for statutory damages of $1,000 whichever is greater;

- For punitive damages;

- For attorney fees'

- For costs of suit; and

- For such other and further relief as the court deems proper.

## COUNT THREE

**VIOLATION OF THE
Fair Debt Collection Practices Act
15 U.S.C. §§ 1692-1692p as to
Defendant
HYAT, HYAT, & LANDAU, P.L.**

44. Plaintiff restates and re-alleges all previous paragraphs herein.

45. Defedant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

   a. Defendant has violated the FDCPA 15 U.S.C. § 1692d, in that used abusive and harassing actions in the collection of a consumer debt.

   b. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

   c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(4), in that it falsely stated or implied that the non-payment of the debt would result in seizure, garnishment or attachment.

   d. Defendant has violated the FDCPA 15 U.S.C. § 1692e(5), in that it falsely threatened to take an action that could not be taken, or that it did not intend to take.

   e. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

   f. Defendant has violated the FDCPA 15 U.S.C. §1692g in that it failed to provide validation of the debt before proceeding to continue attempting to collect said debt.

46. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S. § 1692k(a).

## COUNT FOUR
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.55 - §559.785 as to
### HYAT, HYAT, & LANDAU, P.L.

47. Plaintiff restates and re-alleges all previous paragraphs herein.

48. Defendants filed suit based upon a credit contract pursuant to which Plaintiff allegedly purchased consumer goods as required under Fla. Stats. §559.55 - §559.785.

49. Defedndants represented that credit was extended via a consumer credit card used to purchase goods or services for personal, family, or household use.

50. On June 2nd, 2017, Plaintiff sent a dispute letter and requested Defendants validate the debt.

51. Defendant has harassed Plaintiff as Defendant failed to properly validate said debt before filing the law suit 17-016487.

52. Said conduct is in direct violation of Section 559.72(6) and 559.72(9) of the Florida Statutes.

53. The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

54. As a result of the conduct and acts of Defendant mentioned above, plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

55. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendant mentioned above, and has agreed to pay counsel a reasonable attorney fee.

56. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, travel expenses, and other expenses, all to Plaintiff's further damage.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant pursuant to Fla. Stats. for:

- That Defendant be enjoined from any and all further illegal collection practices against the Plaintiff;
- For actual damages or for statutory damages of $1,000 whichever is greater;
- For punitive damages;

- For attorney fees'

- For costs of suit; and

- For such other and further relief as the court deems proper.

### E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury under Florida Law and as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38. Dated and filed this 9TH day of November of 2017.

Respectfully submitted,
Law Offices of
**SAMIRA GHAZAL, PA.**
Attorney for Plaintiff
1900 SW 3rd Ave.
Miami, FL 33129
Tel. 305.860.1221
Fax. 305.858.6272
Samira@Samiraghazal.com

_/S/Samira Ghazal_____
File by: Samira Ghazal, ESQ.
FBN: 0864617